**In re Samuel I. WEISBERG and Janet R. Weisberg, Debtors.**

**Bankruptcy No. 91–6640–9P7.**

United States Bankruptcy Court, M.D. Florida. Fort Myers Division.

July 14, 1993.

Edward R. Miller, Naples, FL, for debtor.

Diane L. Jensen, Fort Myers, FL, trustee.

Pavese, Garner, Haverfield, Dalton, Harrison & Jensen, Fort Myers, FL, for trustee.

**ORDER ON OBJECTION TO CLAIM # 22**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is an Objection to Claim # 22 filed by Samuel I. Weisberg and Janet R. Weisberg (Debtors) on behalf of the United States Internal Revenue Service (Government). The Trustee's Objection is based upon the timeliness of the proof of claim. The facts relevant to resolution of this controversy are as follows:

The Debtors filed their Petition for Relief under Chapter 7 of the Bankruptcy Code on May 21, 1991. Although the case was initially noticed as a no-asset case pursuant to F.R.B.P. 2002(a), on August 27, 1991, upon discovery of assets, the Clerk of the Court notified creditors that they may file claims and that the bar date to file claims was November 20, 1992. The claim under consideration is in the amount of

$7,162.64 and was filed by the Debtors on behalf of the Government on December 28, 1992, or 13 months after the bar date. Based on the foregoing, the Trustee contends that the claim was filed after the bar date and thus was untimely and while it may be allowed, no distribution may be paid on the claim until all timely filed and allowed claims have been paid in full with interest pursuant to § 726(a)(2)(C).

In opposition, the Debtors first contend that they mailed the proof of claim on behalf of the Government to the clerk's office, in Tampa, on September 21, 1991, or prior to the expiration of the bar date, but the proof of claim was lost by the Clerk's office, and for this reason it was not entered on the claim register until December 20, 1992. Based upon this, the Debtors contend that the failure to timely file the claim was a result of excusable neglect and therefore, the proof of claim should be allowed as timely filed. Second, the Debtors contend in the alternative, that this Court should treat the untimely proof of claim as an amendment or supplement to the proof of claim which was supposedly lost by the clerk's office, therefore, the claim under consideration relates back and should be considered to be timely.

■ Upon review of the record, this Court is satisfied that none of the contentions advanced by the Debtor have merit for the following reasons: First, this record is devoid of any evidence which would support the proposition that the Debtor did in fact mail the proof of claim to the Clerk prior to the bar date. Second, the Debtor presented nothing to establish excusable neglect, and any reliance by the Debtor on the extremely broad interpretation of that term by the Supreme Court in *In re Pioneer Investments Servs. Co. v. New Brunswick Assocs. Ltd. Partnership*, —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), is totally misplaced. The neglect found to be excusable in *Pioneer Investments* was the neglect of the attorney for the creditor and not the neglect of the Clerk's office which is contended to have occurred in the present instance.

■ This leaves for consideration the ultimate question whether or not this claim can be allowed as due and then, if so, whether or not the claim would retain priority status ordinarily accorded to tax claims of the Government pursuant to § 507(a)(7) of the Bankruptcy Code. The claim in dispute in this Chapter 7 case is governed by § 726 which provides in pertinent part as follows;

§ 726. *Distribution of property of the estate*

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;

(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection proof of which is—

(A) timely filed under section 501(a) of this title;

(B) timely filed under section 501(b) or 501(c) of this title; or

(C) tardily filed under section 501(a) of this title, if—

(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title: and

(ii) proof of such claim is filed in time to permit payments of such claim;

Even a cursory reading of § 726 leaves no doubt that untimely claims can only be paid which are filed pursuant to § 501(a) of the Bankruptcy Code which provides that a creditor or an individual claimant may file a proof of claim. The claim under consideration is filed under § 501(b) which permits a Debtor or a Trustee to file a proof of claim on behalf of a non-filing creditor. From all this it follows that the claim under consideration is not entitled to any distribution except pursuant to § 726(a)(2)(B), that is, only after all timely filed, allowed, unsecured claims are paid in full with interest.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Objection to claim No. 22 filed by the Trustee is sustained to the limited extent that while the claim is allowed, it shall not receive any distribution except in accordance with § 726(a)(2)(B).

DONE AND ORDERED.